NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10264 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00035-LJO-SKO-4 |
| v. | |
| DOMINIC DEAN ADAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 15, 2021
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and RESTANI,[**] Judge.

Appellant Dominic Adams appeals his conviction for one count of assault of a federal officer in violation of 18 U.S.C. §§ 111(a)(1), (b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

history of this case, we need not recount it here.

Adams first claims that the district court erred in failing to provide Ninth Circuit Model Jury Instruction 8.5.  As Adams did not offer a self-defense instruction at trial and did not object to the omission of such an instruction, we review for plain error.  *United States v. Montgomery*, 150 F.3d 983, 996 (9th Cir. 1998).  There was no plain error in the trial judge's decision not to give an instruction on self-defense because Adams did not raise this theory of defense at trial.  *See United States v. Span*, 970 F.2d 573, 578 (9th Cir. 1992) (finding no plain error when a district judge did not *sua sponte* offer an instruction on an excessive force theory of defense because that defense was not argued at trial).

Adams alternatively argues that defense counsel was constitutionally ineffective for failing to request a self-defense instruction.  We review claims of ineffective assistance of counsel on direct appeal only when (1) "the record on appeal is sufficiently developed to permit review and determination of the issue," or (2) "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel."  *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) (internal quotation marks and citations omitted).  The record is insufficiently developed on Adams' ineffective assistance of counsel claim and we decline to address it on direct appeal.

**AFFIRMED.**